# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason and Devon Shuster, | |
| Plaintiffs, | 2:16-cv-03315 JWS |
| vs. | **ORDER AND OPINION** |
| Stanford Jay Shuster, | [Re: Motions at Dockets 44 & 45] |
| Defendant. | |

## I. MOTIONS PRESENTED

At docket 44 plaintiffs Jason and Devon Shuster (collectively, "Plaintiffs") move for leave to amend their complaint pursuant to Rule 15(a)(2). Defendant Stanford Jay Shuster ("Stanford") opposes at docket 50. Plaintiffs reply at docket 52.

The motion at docket 45 is a somewhat convoluted filing that seeks three forms of relief. The notice of motion at docket 45 states that it is a motion filed by Stanford requesting leave to amend his answer to Plaintiffs' complaint, presumably under Rule 15(a)(2). The memorandum at docket 45-1 filed in support of the motion, however, states that a third party, Arthur Shuster, Inc. ("ASI"), is also using the motion

at docket 45 to move to intervene under Rule 24. In addition, ASI and Stanford are using the motion at docket 45 to move for leave to add Conley 360, LLC ("Conley 360") to this case as a third-party defendant pursuant to Rule 14(a). Plaintiffs' opposition is at docket 48. Stanford's reply is at docket 53.

Oral argument was not requested and would not assist the court.

## II. BACKGROUND

At docket 44-2 Plaintiffs submit a self-described "letter agreement" dated October 17, 2014, that was allegedly executed by Stanford and Plaintiffs, stating that it memorializes the parties' "agreement with respect to the transactions involving Arthur Shuster, Inc. ('ASI'), Lodging Supply, Inc. ('LSI'), and Shuster Purchasing Solutions, LLC ('SPS')."[1] Plaintiff Jason Shuster ("Jason") and Stanford co-owned those three companies before their business relationship soured.[2] According to the October 17 letter, Stanford agreed to, among other things, sell his 50% interest in SPS to Jason in exchange for Jason's 50% interest in ASI and LSI. Plaintiffs allege that "Stanford has complied with some, but not all of his obligations" under the October 17 letter (which Plaintiffs describe as a settlement agreement).[3] On September 7, 2016, Plaintiffs sued Stanford in Arizona Superior Court alleging four causes of action: (1) a declaration that the October 17 letter is an enforceable contract and of the parties' rights and

---

[1]Doc. 44-2.

[2]Doc. 1-1 at 3 ¶ 6; doc. 18 at 2 ¶ 6.

[3]Doc. 1-1 at 5 ¶ 29.

responsibilities thereunder; (2) breach of contract; (3) bad faith; and (4) specific performance. Defendant removed the case to this court under 28 U.S.C. § 1441(b).

Stanford apparently sued Plaintiffs in Arizona Superior Court on September 21, 2016, alleging nine causes of action: (1) breach of fiduciary duty; (2) fraud (concealment); (3) fraud (intentional misrepresentation); (4) conversion; (5) elder abuse; (6) rescission; (7) tortious interference with present and prospective contractual relations; (8) misappropriation of trade secrets; and (9) unfair competition.[4] Stanford asserts that the Arizona Superior Court stayed his case on July 21, 2017, so that he could "file his affirmative claims" as counterclaims in the present action.[5]

At docket 51 the court granted Plaintiffs' motion to compel in part. Pertinent to Plaintiffs' present motion, the court ordered Stanford to supplement his evasive answers to Plaintiffs' interrogatory 2, which asked him to identify all communications between himself and Plaintiffs regarding the October 17 letter.[6] Stanford supplemented his answers by stating, among other things, that he told his attorneys that he "had multiple conversations with his attorneys . . . about the unfairness of [Plaintiffs'] proposed terms and how he did not intend to sign the final settlement agreement."[7] Plaintiffs assert that, if this is true, then Stanford induced Plaintiffs to sign the

---

[4]Doc. 45-1 at 2. *See also* doc. 45-3. Stanford does not provide the court with a copy of his state court complaint.

[5]Doc. 45-1 at 2. Stanford does not provide the court with a copy of this order.

[6]Doc. 51 at 7–8.

[7]Doc. 44-3 at 5. Stanford asserts that the parties later circulated a separate "final settlement agreement," but does not support this assertion with evidence. Doc. 50 at 3.

-3-

October 17 agreement under false pretenses.[8]  Accordingly, they now move to amend their complaint to add alternative claims for promissory estoppel, fraud, and breach of fiduciary duty.

In addition, Stanford moves to amend his answer to assert his state court claims as counterclaims in this action.  Stanford and ASI also assert that ASI should be allowed to intervene because it is a party to the alleged October 17 agreement.  Finally, Stanford and ASI argue that they should be allowed to sue Conley 360 as a third-party defendant because Conley 360 was formed by Plaintiffs "to directly compete with ASI," was the recipient of several contracts that had previously been awarded to ASI, and owns proprietary software that was developed and paid for by ASI.[9]

The parties agree that if the court grants Plaintiffs' motion, it should deny Stanford's motion without prejudice to his ability to re-file it after Plaintiffs file their amended complaint.[10]  For the reasons discussed below, the court will grant Plaintiffs' motion.  In accordance with the parties' stipulation, Stanford's motion will be denied without prejudice.

### III.  STANDARD OF REVIEW

Courts consider the following four "*Foman* factors" when determining whether to grant a party leave to amend its complaint under Rule 15(a)(2): "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility

---

[8]Doc. 44-1 at 7 ¶ 37.

[9]Doc. 45-1 at 2.

[10]*Id.* at 8, doc. 48 at 3; doc. 53 at 2.

of the proposed amendment."[11]  Prejudice to the opposing party is the factor that "carries the greatest weight."[12]  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[13]  "The party opposing the amendment bears the burden of showing why the amendment should not be granted."[14]

### IV.  DISCUSSION

Stanford does not oppose Plaintiffs' request to add promissory estoppel and breach-of-fiduciary-duty causes of actions to their complaint.  Instead, he raises two arguments as to why the court should preclude Plaintiffs' proposed fraud cause of action.  First, Stanford notes that the circumstances of fraud must be pled with particularity[15] and argues that Plaintiffs' proposed pleading fails to meet that standard because "Plaintiffs simply recite the elements of a claim for fraud."[16]  This is not an accurate description of Plaintiffs' proposed amendment.  Plaintiffs allege that (1) Stanford, by signing the October 17 letter and performing "some of his obligations"

---

[11] *Naranjo v. Bank of Am. Nat'l Ass'n*, No. 14-CV-02748-LHK, 2015 WL 913031, at *3 (N.D. Cal. Feb. 27, 2015) (citing *Foman*, 371 U.S. at 182).

[12] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[13] *Id.* (emphasis in original).

[14] *ABM Indus., Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 227 (N.D. Cal. 2006).

[15] *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("Rule 9(b)'s particularity requirement applies to state-law causes of action.  '[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule.'") (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) (emphasis in original)).

[16] Doc. 50 at 2.

thereunder,[17] represented his intent that the letter would be a binding agreement and that he would execute all additional documents necessary to carry out the terms of that agreement;[18] (2) this representation was false because he never intended such things;[19] and (3) Plaintiffs executed and complied with the agreement in reliance on Stanford's misrepresentation, causing them injury.[20] These allegations are sufficient to put Stanford on notice of the particular misconduct alleged so that he can "defend against the charge and not just deny that [he has] done anything wrong.[21] Plaintiffs' proposed fraud claim satisfies Rule 9(b).

Second, Stanford argues that Plaintiffs' fraud claim is futile because the notion that Stanford believed that the October 17 letter would be a binding agreement is facially implausible, and therefore Plaintiffs' fraud claim would not survive a motion to dismiss.[22] This argument fails because Stanford has not made a strong showing that Plaintiffs' allegations are facially implausible.[23] To the contrary, Plaintiffs' allegation that Stanford intended to by bound by the terms of the October 17 letter is facially plausible

---

[17]Doc. 44-1 at 12 ¶ 71.

[18]*Id.* at 4–5 ¶¶ 25, 27.

[19]*Id.* at 6–7 ¶¶ 37–37.

[20]*Id.* at 7 ¶ 37, 12 ¶ 78.

[21]*Vess*, 317 F.3d at 1106 (internal quotation omitted).

[22]Doc. 50 at 3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). See *Codexis, Inc. v. EnzymeWorks, Inc.*, No. 3:16-cv-00826-WHO, 2017 WL 4236860, at *3 (N.D. Cal. Sept. 25, 2017) ("A proposed amendment is futile where it would not survive a motion to dismiss, or it would be subject to summary judgment.").

[23]Doc. 50 at 3.

because Stanford allegedly drafted and signed the letter. On the record currently before the court, it is unclear why Plaintiffs would not reasonably interpret this as a manifestation of Stanford's intent to be bound by the letter's terms. Plaintiffs' motion will be granted.

### V.  CONCLUSION

Based on the preceding discussion, Plaintiffs' motion at docket 44 is GRANTED; Defendant's motion at docket 45 is DENIED without prejudice. Within 7 days after the entry of this order Plaintiffs shall file their First Amended Complaint. Defendant's answer or any motion by Defendant and/or ASI for leave to add ASI and/or Conley 360 to this case must be filed within 14 days after service of Plaintiffs' First Amended Complaint. Any such motion must be accompanied by a copy of the proposed pleading in conformance with LRCiv 15.1(a).

DATED this 19th day of October 2017.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT